UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARADA TURAIL CADE,<br><br>                         Movant,<br>v.<br><br>UNITED STATES OF AMERICA,<br>                      Respondent. | Case No.: 3:16-cv-01502-BEN<br>              3:13-cr-01076-BEN-1<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL; and**<br><br>**(2) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[Docket Nos. 61, 66]** |

Movant, Narada Turail Cade, proceeding pro se, filed a Motion for Appointment of Counsel and to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States ("the government"), filed a response, opposing the motion. For the reasons set forth below, the Court **DENIES** Movant's Motions.

## BACKGROUND

On March 28, 2013, Movant waived indictment and was charged by a criminal information with violation of 18 U.S.C. § 1951(a) and (b), Sex Trafficking of Children.

///

1

(Docket Nos. 13, 14.)[1] Movant pleaded guilty to the charged offense. (Docket Nos. 23, 24.) The plea agreement included a waiver of appeal and collateral attack of his sentence, "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Docket No. 22 at p. 10.)

The parties agreed to jointly recommend Movant's sentencing be based on the following U.S. Sentencing Guidelines Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

```
1.   Base Offense Level [§ 2G1.3(a)(2)]            30
2.   Use of a Computer [§ 2G1.3(b)(3)]             +2
3.   Commercial Sex Act [§ 2G1.3(b)(4)(B)]         +2
4.   Acceptance of Responsibility [§ 3E1.1]        -3
```

(Docket No. 22 at p. 8.) At sentencing, the government complied with the plea agreement by recommending the above Guideline calculations. (Docket No. 29.) The government's Guideline calculations produced a Guideline range of 135 to 168 months' custody. (*Id.*) The government recommended Movant receive a sentence of 135 months' custody. (*Id.*)

Movant concurred with the government's Guideline calculations, and recommended a sentence of "10 years or low end [sic]." (Docket No. 33.) The Court ultimately sentenced Movant to the low end of the Guideline range of 135 months in custody and a term of supervised release of ten years. (Docket Nos. 34, 35.)

On May 9, 2016, Movant filed the instant motion. (Docket No. 77.) His filing was in the form of a letter that stated:[2]

---

[1] All docket citations refer to the criminal case docket, No. 13-cr-01076-BEN-1.
[2] The following is copied verbatim from Movant's filing, including all grammatical and spelling errors.

> I'm requesting this letter to the Court of San Diego, Ca. I'm asking for an attorney to over look my case about the Johnson Case that is now retroactive. I think that my case were clam as a violent crime. I think I'm eligible on this Johnson case that is retroactive. My crime is sex trafficking to a minor that was known as a violent crime. I'm asking for an attorney in the San Diego, CA district.

(Docket No. 61 at p. 1.) The Court construes Movant's filing as a 28 U.S.C. § 2255 motion to vacate or reduce his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and a motion for appointment of counsel.[3]

### A. Motion for Appointment of Attorney

Courts have discretion to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (9th Cir. 1991) (internal citations omitted); *see also Bradshaw*, 662 F.2d at 1318. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (internal citations omitted).

As will be explained in further detail below, the Court find Movant's motion to be without merit, and thus cannot say there is any likelihood of success on the merits. Moreover, Movant fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by litigants representing themselves pro se. Therefore, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Movant's motion for appointment of counsel is **DENIED**.

---

[3] On October 6, 2017, Movant filed a second motion for appointment of attorney because he was "asking the Court for a sentence reduced [sic]." (Docket No. 66 a p. 1.)

3

1  **B.     Motion to Reduce Sentence Pursuant to 28 U.S.C. § 2255[4]**

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

Movant's motion fails because he validly waived his right to collaterally attack his sentence. The record discloses no issues as to the voluntariness of Movant's plea. And contrary to his belief, *Johnson* is not applicable to his sentence. In *Johnson*, the Supreme Court considered language in the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. Imposing an increased sentence under the residual clause of the definition of "violent felony" violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. The Supreme Court expressly confined its holding to this particular portion of the statute and confirmed that its holding does not apply to the "serious drug offense" clause or the remainder of the "violent felony" definition. *Id.*

*Johnson* is not applicable because Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. *See United States v. Ruiz-Diaz*, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not

---

[4] The Court determines there is no need for an evidentiary hearing.

predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, he was sentenced pursuant to 18 U.S.C. § 1951 and 2G1.3(a)(2), which were not implicated by *Johnson*. *See United States v. Padilla*, No. 2:10-CR-00454-CAS, 2017 WL 962756, at *3 (C.D. Cal. Mar. 13, 2017) (finding *Johnson* inapplicable to petitioner's § 2255 petition because petitioner's "sentence was not based upon any guidelines that might have been implicated by *Johnson*.").

As there are no arguable grounds as to whether Movant's sentence is illegal, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)). Alternatively, Movant's motion is denied on the merits.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: April 4, 2018

Hon. Roger T. Benitez
United States District Judge